[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13224
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cv-02062-GAP-DCI


EUGENE SMITH,

Plaintiff-Appellant,

versus

ACTING SECRETARY, UNITED STATES
DEPARTMENT OF HOMELAND SECURITY,

Defendant-Appellee,

TRANSPORTATION SECURITY
ADMINISTRATION,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 1, 2020)

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Eugene Smith, an African-American male, appeals the district court's grant of summary judgment in favor of his former employer, the Acting Secretary of the U.S. Department of Homeland Security ("DHS"), in his employment discrimination suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16.[1]  Because the district court did not abuse its discretion in adhering to its discovery calendar, and because Smith has failed to establish a *prima facie* case of race discrimination, we affirm.

Smith was formerly employed by DHS as a Behavioral Detection Officer for the Transportation Security Administration ("TSA") at the Orlando International Airport.  His duties required him to be able to lift and carry items weighing up to 70 pounds, squat and bend, walk up to two miles during a shift, and stand for prolonged periods of time.  After complaining of irritable bowel syndrome, Smith was placed on "light duty" in November 2011, a temporary adjustment that TSA provides for medical conditions and non-work-related injuries.  TSA does not permit light-duty assignments to extend beyond 180 days "absent unusual

---

[1] Smith also named the Transportation Security Administration ("TSA") as a defendant and raised a failure-to-accommodate claim under the Americans with Disabilities Act ("ADA").  The district court later dismissed the former and deemed the latter withdrawn.  Because Smith does not challenge either ruling on appeal, any issues in these respects are abandoned. *See Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th Cir. 1995) (stating that issues not clearly raised on appeal are deemed abandoned).

2

circumstances." Seemingly in accordance with that policy, because his doctor had not cleared Smith to return to work, Smith was placed on leave without pay in May 2012.

In his complaint, Smith asserted that his termination was disparate treatment compared to similarly situated white employees whom DHS permitted to stay on light duty for more than the maximum 180-day period. He raises two arguments on appeal. First, he contends that the district court abused its discretion in declining to permit him to conduct additional discovery to obtain the personnel files of alleged comparators before ruling on DHS's motion for summary judgment. Second, he argues that the district court erred in granting summary judgment in favor of DHS because it erroneously concluded that he failed to present a *prima facie* case of race discrimination by showing that DHS treated similarly situated white employees more favorably. Both arguments are without merit.

## I

A district court's refusal to grant a continuance of a summary judgment motion to permit a party to conduct discovery is reviewed for an abuse of discretion. *Burks v. Am. Cast Iron Pipe Co.*, 212 F.3d 1333, 1336 (11th Cir. 2000). Under this standard, we will leave undisturbed a district court's ruling so long as it was within the permissible range of choices and not based on a clear error of

judgment or the wrong legal standard. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306–07 (11th Cir. 2011).

Federal Rule of Civil Procedure 56(d) provides that if a party opposing summary judgment shows through an affidavit or declaration that he "cannot present facts essential to justify [his] opposition" to the motion, the district court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Where the nonmovant "had ample time and opportunity" to complete discovery but "failed to diligently pursue his options," a district court does not abuse its discretion by denying a request for additional discovery. *Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1989).

In its scheduling order, the district court directed the parties to complete all discovery by May 1, 2019, and instructed them that requests to extend deadlines would be disfavored. During discovery, Smith sought the personnel files of DHS employees whom he believed would be appropriate "comparators" for Title VII purposes. In its December 2018 response, DHS objected to the request but offered, pending entry of a protective order, to supplement its response with sufficient comparator information—each individual's position, dates of employment, whether they had received light-duty assignments, and how long such assignment lasted.

4

Although we assume the parties' familiarity with the facts of the subsequent discovery negotiations, we note that Smith never filed a motion to compel discovery of the personnel files and did not agree to the proposed protective order—which he claims to have agreed to in order to get access to the files—until after the close of discovery.

Smith's failure to diligently pursue discovery by filing a motion to compel, in addition to his failure to seek a continuance or allege facts supporting a continuance, were sufficient reasons for the district court to refuse to allow Smith additional discovery time. *Barfield*, 883 F.2d at 932. Therefore, the district court acted within its discretion.

## II

The district court granted DHS's motion for summary judgment on the ground that Smith had failed to show a genuine dispute of material fact as to whether DHS treated similarly situated white employees more favorably by permitting them to remain on light duty for more than 180 days—and, accordingly, that Smith failed to establish a *prima facie* case of race discrimination under Title VII. We agree and affirm.

"We review a district court's grant of summary judgment de novo, viewing the facts . . . and reasonable inferences from those facts in the light most favorable to the nonmoving party. Summary judgment is only proper where no genuine

5

issue of material fact exists." *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004) (citation omitted). Because, to be considered genuine, a factual issue "must have a real basis in the record," "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1325–26 (11th Cir. 2005).

Title VII prohibits an employer from discriminating against an employee based on his race. 42 U.S.C. § 2000e-2(a)(1); *see also* 42 U.S.C. § 2000e-16(a). A plaintiff may support his Title VII claim through "circumstantial evidence [that] raises a reasonable inference that the employer discriminated against the plaintiff." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). "[A]n inference based on speculation and conjecture is not reasonable." *Avenue CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) (quotation omitted).

Where the plaintiff supports his claim with circumstantial evidence, we generally apply the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The plaintiff bears the initial burden of presenting sufficient evidence to allow a reasonable jury to determine that he has satisfied the elements of his *prima facie* case of racial discrimination. *Id.* If a *prima facie* case is established, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for the employment action.

6

*See id.* at 802–03. If the defendant does so, the plaintiff must then demonstrate that the defendant's reason was a pretext for discrimination. *Id.* at 804.

A *prima facie* case under Title VII generally requires a plaintiff to show "(1) that [ ]he belongs to a protected class, (2) that [ ]he was subjected to an adverse employment action, (3) that [ ]he was qualified to perform the job in question, and (4) that h[is] employer treated 'similarly situated' employees outside h[is] class more favorably." *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (en banc). To meet the fourth prong, a comparator must be "similarly situated in all material respects," meaning that the plaintiff and comparators are "sufficiently similar, in an objective sense, that they cannot reasonably be distinguished." *Id.* at 1224, 1228 (quotation omitted). Although this standard requires a case-by-case analysis, a similarly situated comparator will ordinarily "have engaged in the same basic conduct . . . as the plaintiff," "been subject to the same employment policy, guideline, or rule," shared "the same supervisor," and "share[d] the plaintiff's employment . . . history." *Id.* at 1227–28.

Smith's failure to produce evidence showing that a single similarly situated comparator was treated more favorably precludes the establishment of a *prima facie* case. *See id.* at 1224. Smith claimed that he could identify ten similarly situated comparators, but also testified that he did not know when or how long each had been on light duty, or who among them (if any) had medical restrictions.

7

DHS, on the other hand, offered testimony from the head of Orlando International Airport's human resources department. Her testimony revealed that of the ten comparators,[2] only one was on light duty, and only for a total of 105 days. Five were on limited duty, a different TSA program for work-related injuries. Of those six, none had the same job as Smith. On the record before us, therefore, Smith has failed to identify a valid comparator; accordingly, there is no genuine dispute of material fact concerning whether DHS treated similarly situated non-African-Americans more favorably by permitting them to remain on light duty for more than 180 days.

The district court did not err in granting summary judgment to DHS. Aside from conclusory allegations contradicted by his own testimony, Smith failed to identify similarly situated comparators, and therefore failed to establish a *prima facie* case of race discrimination.

**AFFIRMED.**

---

[2] DHS's witness discussed nine of the ten comparators. Smith conceded in his deposition, however, that the omitted comparator, known as D.S., was not a Behavioral Detection Officer, and did not know whether he or she was on light or limited duty.

8